[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 17, 2005
THOMAS K. KAHN
CLERK

No. 05-11851
Non-Argument Calendar

_____

D. C. Docket No. 04-20824-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MATILDE ELENA RUA BLANDON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 17, 2005)

Before ANDERSON, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Matilde Elene Rua Blandon appeals her 70-month sentence for

importation of heroin and possession of heroin with intent to distribute, in violation

of 21 U.S.C. §§ 952(a) and 841(a)(1). On appeal, Blandon argues that the district court erred in not granting her a minor-role reduction because it failed properly to apply the test from *United States v. De Varon*, 175 F.3d 930 (11th Cir. 1999) (en banc). She argues that, under *De Varon*, the district court was required to measure her conduct against the other particpants' conduct. She argues that because the district court categorically denied her request for a minor-role reduction based upon her being a drug courier, and as such, applied a *per se* preclusive rule, the standard of review in this case should be *de novo*, not clear error.

The standard of review for a district court's determination of whether a defendant qualifies for a minor-role reduction is clear error. *United States v. Boyd*, 291 F.3d 1274, 1277 (11th Cir. 2002) (citing *De Varon*, 175 F.3d at 937-38). The proponent of the reduction always bears the burden of proving the entitlement to the reduction by a preponderance of the evidence. *De Varon*, 175 F.3d at 939. The Sentencing Guidelines permit a court to decrease a defendant's offense level by two points if it finds that the defendant was a "minor participant" in the criminal activity. U.S.S.G § 3B1.2(b). A defendant is a minor participant if she is "less culpable than most other participants, but [her] role could not be described as minimal." U.S.S.G. § 3B1.2, cmt. n.5. In determining whether a mitigating-role reduction is warranted, a district court's decision "should be informed by two

2

principles discerned from the Guidelines: first, the defendant's role in the relevant conduct for which she has been held accountable at sentencing, and, second, her role as compared to that of other participants in her relevant conduct." *De Varon*, 175 F.3d at 940. In looking to relevant conduct, "the district court must assess whether the defendant is a minor or minimal participant in relation to the relevant conduct attributed to the defendant in calculating her base offense level." *Id*. at 941.

The district court determined that because Blandon was held accountable only for the amount of drugs she imported into the United States, her actual conduct and her relevant conduct were identical. *See DeVaron*, 175 F.3d at 942-43. ("[A] district court may legitimately conclude that the courier played an important or essential role in the importation of these drugs.") Thus, concluding Blandon did not play a minor role in the relevant conduct, the district court was not required to analyze the *DeVaron* second prong.

Because the record demonstrates that the district court did not categorically exclude Blandon from a minor-role reduction and it properly applied the *De Varon* analysis, we conclude there was no clear error. Accordingly, we affirm Blandon's sentence.

**AFFIRMED.**